**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| AURELIO RUBEN-BULGIN, AKA Ruben Bulgin,<br><br>               Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   19-72068<br><br>Agency No. A203-072-926<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 16, 2021
Pasadena, California

Before:  PAEZ and VANDYKE, Circuit Judges, and KORMAN,[**] District Judge.

Ruben Aurelio Bulgin, a citizen of Panama, petitions for review of a decision by the Board of Immigration Appeals denying him deferral of removal under the Convention Against Torture.  We have jurisdiction under 8 U.S.C. § 1252.  We grant

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the petition and remand for further proceedings.

The government asks us to remand because the record is not clear whether the agency considered petitioner's sister's declaration and so, on remand, the BIA "can specifically assess the validity of the declaration and decide the proper weight to give it." Per the government, remand would allow the BIA to "give reasoned consideration to that evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). The government also concedes that the agency erred by requiring petitioner to show that any torture by individual police officers would have been with the acquiescence of other public officials, which is contrary to our case law. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020).

We grant the government's request to remand to the BIA for further consideration. Petitioner's arguments against remand are unpersuasive. Remand is appropriate so that "[t]he agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *INS v. Orlando Ventura*, 537 U.S. 12, 17 (2002) (per curiam). Indeed, we have often remanded in similar circumstances. *See Parada v. Sessions*, 902 F.3d 901, 916 (9th Cir. 2018); *Owino v. Holder*, 771 F.3d 527, 538 (9th Cir. 2014) (per curiam).

**PETITION GRANTED; REMANDED.**

2